## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

KULTAR SINGH GORAYA,

     Plaintiff,

v.                                                    Case No. 4:23-cv-278-MW-MJF

JAMES PATRICK RYAN,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

In this § 1983 action, Plaintiff alleges that while Plaintiff was incarcerated, Defendant—an orthopedic surgeon—"deliberately and maliciously" replaced Plaintiff's hip with an artificial hip that is too large, and Defendant then failed to address Plaintiff's chronic pain that resulted from the oversize artificial hip. Defendant moves to dismiss for failure to state a claim and based on the statute of limitations. Doc. 40. Plaintiff opposes the motion. Doc. 46 & 48. Because Plaintiff states a claim under the Eighth Amendment and because Plaintiff timely asserted his claim, the District Court should deny Defendant's motion to dismiss.

Page 1 of 11

## BACKGROUND

Plaintiff's fourth amended complaint, filed pursuant to 42 U.S.C. § 1983, is the operative pleading. Doc. 28.

### A.    Defendant Diagnoses Plaintiff and Recommends Surgery

In 2018, while incarcerated at the Florida State Prison, Plaintiff experienced pain in his hips. *Id.* at 5. Defendant, an orthopedic surgeon, diagnosed Plaintiff as suffering from "avascular necrosis disease," and Defendant advised that Plaintiff's hips required replacement. *Id.*

### B.    Defendant Replaces Plaintiff's Right Hip

On January 10, 2020, before commencing surgery on Plaintiff's right hip, Defendant incorrectly informed Plaintiff that Plaintiff suffered from arthritis. *Id.* at 5. Plaintiff responded that he suffered from avascular necrosis disease. *Id.*

Plaintiff angered Defendant because Plaintiff corrected Defendant in the presence of the medical staff. *Id.* Defendant then, in "angry tones," told Plaintiff: "you will be finding out in the operation theater." *Id.* at 5–6. Defendant then performed total hip replacement surgery on Plaintiff's right hip. According to Plaintiff, Defendant "deliberately and

maliciously" replaced Plaintiff's right hip with an artificial hip that Defendant knew was too large for Plaintiff. Doc. 28 at 6.

**C.    Plaintiff Reports Complications from the Hip Replacement**

"[I]mmediately after" his surgery, Plaintiff experienced "constant pain" and became unable to care for himself or "even complete basic daily functions." *Id.*

**D.    Plaintiff Reports his Pain to Defendant**

One week after the right hip surgery—January 17, 2020—Plaintiff informed Defendant that Plaintiff's right leg had become longer than his left leg. *Id.* Plaintiff also complained that he suffered "constant and excruciating" pain. *Id.*

**E.    Plaintiff Again Reports his Pain to Defendant**

Three weeks after the right hip surgery, Plaintiff again reported that his right leg was longer than his left leg and he was suffering constant and excruciating pain. *Id.* at 6–7. Defendant responded, "you have to deal with the right hip pain." *Id.* at 7.

**F.    Plaintiff's Claim and Request for Relief**

Plaintiff sues Defendant in his individual capacity. Plaintiff asserts an Eighth-Amendment claim of deliberate indifference to a serious

medical need: Defendant "deliberately and maliciously" replaced Plaintiff's hip with an artificial hip that was too large and then Defendant refused to treat Plaintiff's chronic pain that resulted from the oversized artificial hip. Doc. 28 at 5–6, 10. Plaintiff seeks compensatory and punitive damages. *Id.* at 11.

**G.    Defendant's Motion to Dismiss**

Defendant argues that the District Court should dismiss this civil action because Plaintiff failed to state a plausible claim of deliberate indifference to a serious medical need and the statute of limitations bars Plaintiff's claim. Doc. 40.

**DISCUSSION**

**A.    Plaintiff States a Plausible Eighth-Amendment Claim**

Defendant first argues that Plaintiff failed to state an Eighth-Amendment claim of deliberate indifference to a serious medical need. Doc. 40 at 9.

To state a claim of deliberate indifference to a serious medical need in violation of the Eighth Amendment, a plaintiff must allege:

(1) the plaintiff had an objectively serious medical need;

(2) the defendant was deliberately indifferent to the plaintiff's serious medical need;

(3) the plaintiff suffered an injury; and

(4) the defendant's deliberate indifference caused the plaintiff's injury.

*Wade v. McDade*, 106 F.4th 1251, 1253, 1262 (11th Cir. 2024) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *see also Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007).

To state the second element of a deliberate indifference claim, a plaintiff must allege that the defendant "(1) had subjective knowledge of a risk of serious harm, (2) disregarded that risk," and (3) "acted with subjective recklessness as used in the criminal law." *Johnson v. Lewis*, 83 F.4th 1319, 1327 (11th Cir. 2023); *Wade*, 106 F.4th at 1255 (quoting *Farmer*, 511 U.S. at 839). To allege subjective recklessness, a plaintiff must allege that the defendant was "actually, subjectively aware that his own conduct caused a substantial risk of harm to the plaintiff." *Wade*, 106 F.4th at 1262.

Plaintiff has alleged each of the elements, including the "deliberate indifference" element. Doc. 28 at 5–7. Plaintiff alleges that Defendant

was "actually, subjectively aware that his own conduct caused a substantial risk of harm to the plaintiff." *Wade*, 106 F.4th at 1262. Indeed, Plaintiff explicitly alleges that Defendant "deliberately and maliciously" *intended* to cause Plaintiff harm. Doc. 28 at 6. An allegation of intentional harm is more than sufficient to state the "deliberate indifference" element.

Furthermore, Plaintiff offers a document—purportedly from the Florida Department of Corrections Office of Health Services—which appears to indicate that Plaintiff's post-surgery right leg is two inches longer than his left leg, which is a substantial disparity. Doc. 48 at 5. Although submitted after the filing of Plaintiff's fourth amended complaint, Defendant did not object to the court considering this document. Doc. 49. A district court may consider such documents when addressing a motion to dismiss for failure to state a claim. *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 (11th Cir. 2015); *Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014); *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). Plaintiff, however, states a claim even without the benefit of this document.

Although Plaintiff's claim may be difficult to prove and may be improbable, the probability or improbability of Plaintiff establishing a claim at trial is irrelevant to whether Plaintiff has stated a claim upon which relief can be granted. *Berk v. Choy*, 607 U.S. 187, 193 (2026); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). As the Supreme Court recently noted, the Federal Rules of Civil Procedure make it "relatively easy for plaintiffs" to survive dismissal, "even for claims that are likely to fail." *Berk*, 607 U.S. at 194.

### B.   <u>Plaintiff Filed his Claim Timely</u>

Defendant also argues that Plaintiff's claim is untimely because the fourth amended complaint was filed nine months after the statute of limitations expired. Doc. 40 at 19.

In § 1983 suits, district courts should apply the most analogous statute of limitations under State law. *See* 42 U.S.C. § 1988(a). In Florida, claims brought under § 1983 are subject to a four-year statute of limitations. *Ellison v. Lester*, 275 F. App'x 900, 901–02 (11th Cir. 2008); *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (per curiam); Fla. Stat. § 95.11(5)(g). That is, a plaintiff must initiate a § 1983 action within four years of the date "the facts which would support a cause of action

are apparent or should be apparent to a person with reasonably prudent regard for his rights." *Van Poyck v. McCollum*, 646 F.3d 865, 867 (11th Cir. 2011) (quoting *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008)). Section 1983 claims, therefore, accrue when a plaintiff knows or has reason to know that he has been injured, and is aware or should have been aware who inflicted the injury. *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

Plaintiff alleges that by January 17, 2020—one week after his surgery—he was aware that Defendant intentionally replaced Plaintiff's hip with an oversize artificial hip. Thus, the law required Plaintiff to file his claim on or before January 17, 2024.

On June 26, 2023, Plaintiff timely commenced this civil action. Doc. 1 at 14. In his original complaint, Plaintiff named "Dr. J. Ryan" as a Defendant and asserted that Defendant violated the Eighth Amendment "by neglecting Plaintiff's medical needs and exercising deliberate indifference in regard to Plaintiff's pain and suffering." *Id.* at 8. In support of his claim, Plaintiff alleged that Defendant "erroneously added length to Plaintiff's right leg" during a right hip replacement surgery and

refused to recommend corrective surgery to alleviate the pain and suffering with Plaintiff's condition. *Id.* at 5, 7.

Plaintiff's original complaint and his first and second amended complaints were all grossly deficient. The undersigned, therefore, afforded Plaintiff opportunities to amend the complaint. Docs. 5, 7, 17, 22. One of the "purposes of an amended claim is to fill in facts missing from the original complaint." *Dean v. United States*, 278 F.3d 1218, 1222 (11th Cir. 2002).

On October 29, 2024, Plaintiff filed his fourth amended complaint, which is the operative pleading. Doc. 28 at 16. As noted above, it contains the same claim—an Eighth-Amendment "deliberate indifference to a serious medical need" claim—against the same Defendant, based on the same general facts that Plaintiff alleged in his initial complaint.

"Relation back is a legal fiction employed to salvage claims that would otherwise be unjustly barred by a limitations provision." *Mungin v. Sec'y, Fla. Dep't of Corr.*, 89 F.4th 1308, 1321 (11th Cir. 2024). The standard for whether an amendment "relates back" to the date of a timely filed original plead is found in Rule 15(c). If Rule 15(c) is satisfied, the amended complaint is "itself timely even though it was filed outside an

applicable statute of limitations." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010).

Under Rule 15(c)(1)(B), an amended relates back to the original pleading when the "amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." That is, to relate back, the new claims "must have arisen from the same set of facts as the timely filed claim, not from separate conduct or a separate occurrence in both time and type." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000) (quotation marks omitted). And "[w]hen the nature of the amended claim supports specifically the original claim, the facts there alleged implicate the original claim, even if the original claim contained insufficient facts to support it." *Dean*, 278 F.3d at 1222.

The relation back doctrine resolves any question as to whether Plaintiff timely asserted his claim against Defendant. That is, Plaintiff's fourth amended complaint clearly relates back to the claim Plaintiff asserted in his original complaint. Plaintiff's claim, therefore, is not barred by the statute of limitations.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.   **DENY** Defendant's motion to dismiss.

2.   **RETURN** this case to the undersigned for further proceedings.

At Pensacola, Florida, this 15th day of June 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**